Oidham, J. We do not deem it essential to the merits of this case to determine whether the instrument set forth in the plaintiff’s declaration, is a bond for title, or deed conveying the lands therein described. Were it necessary, we do not conceive that it would be difficult to show that it is a deed of conveyance, with a covenant to execute upon request a good and sufficient deed in fee simple with warranty of title. The breach avers that Davis was not the owner of the land and did not hold the fee simple title to said land, nor did he acquire the same during his life-time, nor did he execute to the plaintiff a deed in fee simple, nor has the said defendant as executrix, since the death of said Davis, owned or possessed said land, nor does she now own, hold or possess the same, nor can she execute a sufficient deed in fee simple. The question presented is whether the covenants contained in the deed, necessarily imply that the obligor was possessed of the land in question and able to execute an operative conveyance vesting in the purchaser an indefeasible estate. This, we conceive, is a question of authority. In Jones vs. Gardner, 10 J. R. 276, the agreement was to execute “a good and sufficient deed in law to vest the grantee with the title of the said form of land with the appurtenances.” The court held that the title meant the legal estate in fee, free and clear of all valid claims, liens and incumbrances whatsoever. It is the ownership of the land, dominium directum et absolutum, without any rightful participation by any other person in any part of it. In Judson vs. Wass, 11 J. R. the terms of the agreement were that “ Judson and wife should execute and aclmownledge a deed with warranty of title to the purchaser &c.” It appeared that the lands in question were encumbered by a mortgage prior to the sale for 9,000 dollars. The court held that by the terms of the sale, the plaintiff stipulated to execute a deed with covenant of warranty, subject to quit rents on such lots as should be designated at the time of the sale. This means, not merely that he will execute a deed containing such a covenant, but that he has the power to give a deed which would carry with it an indefeasible title to the lots, subject to no other incumbrance or charge than that specified in the conditions. Such a deed the plaintiff -was not able to give. In Clute vs. Robinson, 2 J. R. 612, the court held that “a covenant to execute and deliver a good and sufficient deed to a piece of land does not merely mean a conveyance good in point of form. That would be a covenant without substance. But it means an operative conveyance ; one that carries with it a good and sufficient title to the lands to be conveyed. This latter case, however, is at variance with the case of Gazley vs. Price, 16 J. R. 267, in which it was held that a covenant to execute a good and sufficient deed for the premises related merely to the validity and sufficiency of the conveyance in point of law to pass whatever right the 'plaintiff had in the lands to the defendant. It is not necessary, however, for ns to attempt to reconcile these two last mentioned cases, or to determine which contains the correct construction of the words employed in the agreement, as in the case before us, the party not only covenants to execute and deliver a good and sufficient deed in fee simple but that it shall contain a warranty of title. This covenant not only means that the party will execute such a deed containing a warranty of title, but that he had the power to give such a deed as would carry with it an indefeasible title to the land mentioned. The pleadings show that at the time of the execution of the covenant, the party was unable to execute such a conveyance, as he had no title to the land, and that he acquired no title subsequently ; and therefore according to the case of Logan vs. Moulder, 1 Ark. 313, the covenant was broken the very moment it was made, and no subsequent request was necessary to fix his liability. Traver vs. Halstead, 23 Wend. 66. The circuit court having entertained a different view of the question, the judgment must be reversed, and the cause remanded for further proceedings.